UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CASEY WAITE, ) | |
| ) | |
| Plaintiff, ) | Case No. EDCV 09-1827 AJW |
| ) | |
| v. ) | MEMORANDUM OF DECISION |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

    The procedural facts are summarized in the Joint Stipulation. [JS 2]. In a May 18, 2009 hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of a history of a right foot injury, status post "ORIF" (open reduction with internal fixation), and history of left acromioclavicular separation, also status post ORIF. [Administrative Record ("AR") 11]. The ALJ concluded that plaintiff was not disabled because he retained the residual functional capacity ("RFC") to perform his past relevant work as an electrical

1  technician. [AR14].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

## Discussion

**Nonexamining physician**

Plaintiff contends that the ALJ erred in failing properly to consider the opinion of F. Kalmar, M.D., a nonexamining state agency physician, and that this error deprived the ALJ's RFC finding of substantial evidence in the record. [See JS 3-7, 7-9].

On May 10, 2007, Dr. Kalmar completed an RFC assessment form indicating that plaintiff, who was then 33 years old, could perform sedentary work that required no balancing; occasional climbing, stooping, kneeling, crouching, and crawling; and no concentrated exposure to extreme cold, vibration, or hazards, such as heights and machinery. [AR 232-237]. Under "Additional Comments," Dr. Kalmar cited and discussed some of the medical evidence, primarily from March 2007 and April 2007, when plaintiff had a left shoulder injury and shoulder surgery following a mountain biking accident. [AR 236]. Dr. Kalmar commented: "Should have been able to work at least at a Sedentary level since [alleged onset date]." [AR 236].

The ALJ did not discuss Dr. Kalmar's opinion. Instead, he based his RFC finding on the opinion

1  of another nonexamining physician, Dr. Lorber, a medical expert who testified during the hearing.  Dr.
2  Lorber opined that plaintiff could perform light work, except that he could not perform overhead work with
3  his left upper extremity and could not work on ladders, ropes, or scaffolds. [See AR 13-14, 23-36].
4       The ALJ erred in failing to give any reasons for rejecting Dr. Kalmar's opinion.  See Shafer v.
5  Astrue, 518 F.3d 1067, 1069-1070 (9th Cir. 2008) (noting that an ALJ's silent disregard of a nonexamining
6  physician's opinion "contravened governing regulations requiring him to . . . evaluate every medical opinion
7  received" and was legal error); Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir.2008) ("An ALJ is
8  required to consider as opinion evidence the findings of state agency medical consultants; the ALJ is also
9  required to explain in his decision the weight given to such opinions."); 20 C.F.R. § 404.1527(d),(f)(stating
10 that nonexamining source opinions are medical opinions that the ALJ must consider and weigh using the
11 factors enumerated in that section); SSR 96-6p, 1996 WL 374180, at *1 (stating that an ALJ "may not
12 ignore" state agency medical consultant opinions "and must explain the weight given to these opinions in
13 their decisions").
14      However, the ALJ's error was harmless.  See Burch, 400 F.3d at 679 ("A decision of the ALJ
15 will not be reversed for errors that are harmless.") (citing Curry v. Sullivan, 925 F.2d 1127,
16 1131 (9th Cir.1990)).  In the absence of any treating or examining source opinions regarding plaintiff's
17 physical functional capacity, the ALJ permissibly relied on the conflicting opinion of another nonexamining
18 physician, Dr. Lorber, whose opinion constitutes substantial evidence supporting the ALJ's RFC finding.
19 See Morgan, 169 F.3d at 603 ("The ALJ is responsible for resolving conflicts in medical
20 testimony, and resolving ambiguity."); Thomas, 278 F.3d at 957 ("The opinions of non-treating or non-
21 examining physicians may also serve as substantial evidence when the opinions are consistent with
22 independent clinical findings or other evidence in the record.").
23      Dr. Lorber's opinion has greater support in the record than that of Dr. Kalmar because it was based
24 on relevant, updated medical records that were unavailable to Dr. Kalmar, and on plaintiff's testimony in
25 response to questions that Dr. Lorber posed to clarify gaps and ambiguities in the medical evidence.  Dr.
26 Lorber also explained more persuasively how the evidence of record supported his opinion. [See AR 23-37].
27 Among other things, Dr. Lorber cited medical evidence in the record indicating that plaintiff had recovered
28 sufficiently from his March 2007 bike accident and subsequent shoulder surgery that he was riding a bicycle

again in October 2007, when he was involved in a collision with a car and suffered an injury (a contusion) to his right hand. [AR 13, 23, 311-313].

The ALJ did not err in adopting Dr. Lorber's opinion that plaintiff could perform light work that did not involve overhead work with the left upper extremity; could not climb ladders, ropes, or scaffolds; and had no restrictions in bending, stooping, crouching, kneeling, or crawling. [See AR 23-27]. Because the ALJ expressly relied on Dr. Lorber's opinion, "there is a basis for the court to review" the ALJ's RFC finding and his disability determination, "there remain[s] 'substantial evidence supporting the ALJ's decision,'" and the ALJ's silent disregard of Dr. Kalmar's opinion did not "negate[ ] the validity of the ALJ's ultimate conclusion'" that plaintiff was not disabled. Carmickle v. Comm'r, Soc. Sec. Admin. 533 F.3d 1155, 1163 & n.3 (9th Cir. 2008).

Furthermore, plaintiff does not contend that the ALJ would have been obliged to find him disabled if Dr. Kalmar's opinion had been adopted in full. Because the ALJ permissibly relied on Dr. Lorber's testimony, it is unnecessary to demonstrate that plaintiff necessarily would have been found not disabled with the RFC assessed by Dr. Kalmar. Nonetheless, it is useful to note that the record contains no support for the contrary conclusion. The record includes a "Medical/Vocational Decision Guide" [AR 174-176] that appears to have been based on the RFC form completed by Dr. Kalmar, who was the only physician to assess plaintiff's physical RFC prior to the hearing. The medical-vocational form indicates that plaintiff could not perform his past work but could perform other work, and his applications were denied on that basis at the initial and reconsideration levels. [AR 69-83, 174-175].

Specifically, the medical-vocational form states that plaintiff has an RFC for sedentary work, and notes that "[t]he additional postural and environmental limitations cited on the RFC form do not significantly interfere with the [claimant's] ability to perform a wide range of sedentary work."[1] [AR 174].

---

[1] That conclusion is consistent with the Commissioner's social security rulings. See SSR 85-15, 1985 WL 56857, at *7 ("If a person can stoop occasionally (meaning from very little up to one-third of the time), the sedentary and light occupation base is virtually intact."); SSR 96-9p, 1996 WL 374185, at *7 ("Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work."); SSR 96-9p, 1996 WL 374185, at *9 ("In general, few occupations in the unskilled sedentary occupational base require work in

1  It was noted that plaintiff was 33 years old, making him at all relevant times a younger individual (under
2  age 50) for purposes of applying the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P,
3  Appendix 2 ("the grids"). [AR 174]. See 20 C.F.R. § 404.1563(c). Plaintiff's education was classified as
4  "high school education and above," which was consistent with plaintiff's written statements that he
5  completed two years of college (and with his later testimony that he received his GED and attended junior
6  college). [AR 21-23, 165,174]. See 20 C.F.R. § 404.1564(b)(4). Based on plaintiff's description of his past
7  jobs [see AR 160-161, 167-168], plaintiff's past relevant work was classified as that of an "Electrical
8  Technician," Dictionary of Occupational Titles ("DOT") job number 003.161-010, a light, skilled
9  occupation, and a "Cashier-Checker," DOT job number 211.462-014, a light, semi-skilled occupation. [AR
10 174]. Plaintiff was found unable to perform his past relevant work. [AR 174]. Using Rule 201.28[2] of the
11 grids as a guide for decision-making, plaintiff's RFC and vocational profile indicated that he could perform
12 unskilled sedentary work, such as the jobs of lens-block gauger, DOT job number 716.687-030, and table
13 worker, DOT 739.687-182. [AR 176]. Consequently, plaintiff was found "not disabled." [AR 175].
14 Nothing in the record supports a different conclusion. In short, the court "can confidently conclude that no
15 reasonable ALJ, when fully crediting" Dr. Kalmar's opinion, "could have reached a different disability
16 determination." Stout, 454 F.3d at 1054.    For the foregoing reasons, there is no merit to plaintiff's
17 contentions that the ALJ committed reversible legal error in failing properly to consider Dr. Kalmar's
18 opinion and in assessing plaintiff's RFC.

19 **Hypothetical question**

20 Plaintiff contends that the ALJ's hypothetical question to the vocational expert was defective
21 because it did not include the limitations contained in Dr. Kalmar's RFC assessment. [JS 9-12].

22 Hypothetical questions posed to the vocational expert must accurately describe all of the limitations

---

environments with extreme cold, extreme heat, wetness, humidity, vibration, or unusual hazards.).
Social security rulings are binding on the ALJ, and "are entitled to

[2] Rule 201.28 of the grids directs a finding of "not disabled" for a younger individual aged 18 to 44 years old who is limited to sedentary work, is a high school graduate or more, and has previous skilled or semi-skilled work experience, but no transferable skills. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.28.

5

1 and restrictions of the claimant that are supported by substantial evidence in the record. Robbins, 466 F.3d
2 at 886; Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).

3 For the reasons described above, the ALJ's failure to adopt, or give reasons for rejecting, Dr.
4 Kalmar's opinion was harmless error. Accordingly, plaintiff's contention lacks merit.

**Past relevant work**

6 Plaintiff contends that the ALJ did not make adequate findings to support his determination that
7 plaintiff can perform his past relevant work as an electrical technician. [JS 12-16].

8 A social security disability claimant bears the burden of proving that she cannot perform
9 either the "actual functional demands and job duties of a particular past relevant job" or the
10 "functional demands and job duties of the occupation as generally required by employers
11 throughout the national economy." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001)
12 (quoting SSR 82-62); see also Burch, 400 F.3d at 679; Villa v. Heckler, 797 F.2d 794, 798 (9th
13 Cir. 1986). The ALJ's obligation is "to make the requisite factual findings to support" the
14 conclusion that the claimant can perform past relevant work. "This is done by looking at the
15 residual functional capacity and the physical and mental demands of the claimant's past work."
16 Pinto, 249 F.3d at 844-845 (quoting 20 C.F.R. §§ 404.1520(e) and 416.920(e)). Information
17 from the DOT, or the testimony of a vocational specialist, may be used to ascertain the
18 demands of an occupation as ordinarily required by employers throughout the national
19 economy at steps four and five of the sequential evaluation procedure. See SSR 00-4p, 2000
20 WL 1898704, *2 ("In making disability determinations, we rely primarily on the DOT
21 (including its companion publication, the SCO) for information about the requirements of work
22 in the national economy. We use these publications at steps 4 and 5 of the sequential
23 evaluation process. We may also use VEs and VSs at these steps to resolve complex vocational
24 issues.")(footnote omitted).

25 Plaintiff argues that his actual past work as an electrical technician conflicts with his RFC
26 for light work as found by the ALJ. That argument is baseless. The ALJ called a vocational
27 expert to classify plaintiff's past relevant work. The vocational expert testified that plaintiff's
28 past relevant work included the skilled job of electrical technician, DOT job number 003.161-

010. The vocational expert described that job as light work as generally performed in the national economy, and heavy work as plaintiff actually performed it. [AR 62]. The vocational expert further testified that a hypothetical individual matching plaintiff's vocational profile and RFC as ultimately found by the ALJ could perform that job as generally performed. [AR 62]. The vocational expert also testified that his testimony was consistent with the DOT. [AR 64].

///

The ALJ adopted the vocational expert's testimony by finding that plaintiff can perform the job of electrical technician as generally performed. [AR 14]. Plaintiff has not pointed to any evidence in the record suggesting that his RFC as found by the ALJ is incompatible with the demands of that job as generally required by employers in the national economy. Accordingly, the vocational expert's testimony constitutes substantial evidence supporting the ALJ's finding that plaintiff can perform his past relevant work. See Pinto, 249 F.3d at 845 ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed. The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the regulations above.").

**Conclusion**

The Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is **affirmed.**

**IT IS SO ORDERED.**

December 15, 2010

_____
ANDREW J. WISTRICH
United States Magistrate Judge